NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3157
_____

DEVEARL BACON,
                              Appellant
                    v.

ST. LT. R. TAYLOR; LT. MS. FARMER;
C/O MS. McCOMB; PERRY PHELPS
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-02-cv-00431)
District Judge:  Honorable Joseph J. Farnan, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2010

Before:  FISHER and COWEN, *Circuit Judges*, and DITTER,* *District Judge*.

(Filed: August 25, 2010)
_____

OPINION OF THE COURT
_____

*Honorable J. William Ditter, Jr., Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

DITTER, *District Judge.*

In this prisoner's civil rights case, Appellant, Devearl Bacon, contends he was the victim of retaliation by four corrections employees for exercising his right of free speech by attempting to file a lawsuit. He asks this Court to vacate the judgment of the District Court in favor of the defendants and remand the case for a new trial.

For the reasons that follow, we affirm the judgment of the District Court.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 2002, Bacon was committed to the Delaware Department of Corrections and assigned to an appropriate prison. On March 31, 2002, Bacon handed Leigh McComb, one of the Appellee correctional officers, the draft of a lawsuit prepared on a form used by prisoners filing a complaint under 42 U.S.C. § 1983. This draft lawsuit was Bacon's attempt to "expose alleged violations of prison policies by a corrections officer." (Appellant's Br. at 5.) Attached to the form complaint was a ten-page "Summary" which McComb and her superiors found to contain threatening and disrespectful statements directed to the correctional staff. As a result, Bacon was placed in administrative segregation where he was locked in his cell for twenty-three hours per day.

After the filing of the disciplinary charges, an internal investigation was launched. Captain Bradley Lee, a prison investigator, visited Bacon on April 5, 2002. The same day, Lieutenant Joseph Sabato, a disciplinary hearing officer, issued an order of expungement and Bacon was returned to the general population. However, by letter dated April 23, 2002, Bacon was notified that the expungement order was overruled by the prison security superintendent, Appellee Perry Phelps. Bacon was returned to administrative segregation and remained there until he was transferred to another facility nearly two months later. He brought this suit for damages contending the correctional officers violated his constitutional right to free speech under the First Amendment by retaliating against him for possessing and attempting to file a lawsuit. Thus, the jury was required to determine whether Bacon's submission of the Section 1983 complaint and the ten-page summary to Correctional Officer McComb was a protected activity or a violation of prison rules. If the documents were found to be a lawsuit, the jury could determine that the actions of the correctional officers were in retaliation for attempting to engage in a constitutionally protected activity.

Following a two-day trial, the jury returned a verdict in favor of the Appellee correctional officers. This appeal followed.

## II.

Bacon contends a new trial is warranted because (1) the record at trial was incomplete due to an erroneous discovery order, and (2) the jury was improperly

3

instructed that Bacon's free-speech rights did not extend to the summary appended to his form civil-rights complaint.[1]

### III.

First, we consider whether a new trial is warranted based on the District Court's denial of Bacon's motion to compel the production of certain Department of Corrections logbooks. Generally, a District Court's decision on a discovery matter is reviewed for an abuse of discretion. *Pacitti by Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999). A District Court abuses its discretion "if the reasoning is clearly erroneous or contrary to law." *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 139 (3d Cir. 2000).

This discovery request was made by Bacon prior to the appointment of counsel to represent him in this case. Bacon requested the production of all logbook entries, from March 30 to April 15, 2002, for the disciplinary and administrative segregation pods in which he had been housed. Appellees refused to supply the logbook entries because the request was overly broad and because Delaware law prohibited the records from being disclosed to an incarcerated person. *See* 11 Del. C. § 4322; 29 Del. C. § 10002(g)(13).[2]

---

[1]The District court had subject matter jurisdiction over the 42 U.S.C. § 1983 claim under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

[2]11 Del. C. § 4322, provides in relevant part:

(c) No inmate shall be provided a copy of the Department of Correction Policy and Procedures Manuals, The Bureau of Prisons Policy and Procedures Manuals, nor any of the Department of Correction Facilities

After several attempts to obtain the requested material, Bacon filed a motion to compel. In his motion, Bacon explained that the logbook entries were needed to shed light on why he was moved back to the general population so soon after the internal investigation was initiated. Again, Appellees objected because the request was overly broad and because Delaware law prohibited the sensitive information contained in the logbooks from being disclosed to a prisoner. However, despite their objections, the Appellees offered to provided redacted copies of certain logbook pages that reflected Bacon's transfers within the prison, inmate smoke breaks in the yard, transfers in or out of administrative segregation, and visits from Captain Lee to Bacon in April 2002. On March 16, 2005, the District Court denied the motion to compel noting the objections based on relevancy and prohibited disclosure to an inmate. The District Court ordered

Operational Procedures, Administrative Regulations and Post Orders.

29 Del. C. § 10002(g)(13), provides in relevant part:

(g) "Public record" is information of any kind, owned, made, used, retained, received, produced, composed, drafted or otherwise compiled or collected, by any public body, relating in any way to public business, or in any way of public interest, or in any way related to public purposes, regardless of the physical form or characteristic by which such information is stored, recorded or reproduced. For purposes of this chapter, the following records shall not be deemed public:

* * *

(13) Any records in the possession of the Department of Correction where disclosure is sought by an inmate in the Department's custody . . . .

Appellees to produce the limited logbook entries they had agreed to produce in their response because Bacon had not objected to this compromise.

In December 2006, counsel was appointed to represent Bacon. A new scheduling order was filed in March 2006, and discovery continued throughout 2007. An amended complaint was filed by appointed counsel in November 2007. On February 8, 2008, appellees filed an answer to the amended complaint. Discovery continued. The record reveals that counsel made a second request for production of "the logbook entries that set forth the reasons why plaintiff has been kept in administrative segregation from 2000 to the present." (J.A. 428.) Appellees objected because the request was overly broad and sought production of confidential information protected from discovery by 11 Del. C. § 4322. In further response, Appellees stated that "the logbooks reflect the movement of prisoners not reasons for placing and holding inmates in a particular location." *Id.* Counsel made no further effort to obtain the logbook entries; however, the record includes a stipulated protective order that provided for the disclosure of certain policies and procedures of the Appellees to Bacon's counsel but not to Bacon. This document makes no mention of the logbooks.

Bacon contends the March 16, 2005 order of the District Court was arbitrary and "caused actual and substantial prejudice to Mr. Bacon by unjustifiably precluding access to the very documents need to corroborate appellees' retaliatory motives." (Appellant's Br. at 14.) However, there was nothing arbitrary or erroneous about the District Court's

6

discovery order. The Appellees were prohibited by state law from disclosing the requested information to an incarcerated litigant. After the appointment of counsel, the logbook entries, like the policies and procedure manuals, presumably could have been disclosed to counsel pursuant to a protective order. In the absence of any response from Bacon to the Appellees' offered disclosure, or any subsequent request for a ruling by the Court on counsel's later request for production, we find no cause to order a new trial. The District Court cannot abuse its discretion when it has not been asked to act.[3]

## IV.

Next, we consider whether a new trial is required because of the District Court's instructions to the jury. Bacon contends that the District Court erred when it responded to a jury deliberation question by instructing the jury that the presence of the Section 1983 form complaint did not mean, as a matter of law, that the First Amendment protected other materials submitted with it. Bacon argues this instruction invaded the factfinding

---

[3]We are not persuaded by Bacon's law-of-the-case doctrine argument asserted in his reply brief in response to Appellees's assertion that this issue was waived. Bacon has not provided authority for applying this doctrine to discovery issues, nor have we found any such authority. In fact, it is common for discovery orders to be revisited by the trial court as discovery proceeds in a case and new evidence is disclosed. Moreover, this doctrine would not be applicable here because the discovery order was based on Bacon's status as an incarcerated litigant and state law prohibiting the disclosure of the requested documents to an incarcerated litigant. The appointment of counsel was a change in circumstances that may have also resulted in a different decision if the District Court had been asked to rule on a motion to compel.

function of the jury and prevented him from establishing that he was engaged in constitutionally protected activity, an element of his *prima facie* case of retaliation.

Generally, our review of the jury charge "is plenary insofar as [the Court] is determining whether the charge as a whole misstated relevant law." *Woodson v. Scott Paper Co.*, 109 F.3d 913, 933 (3d Cir. 1997). Under Federal Rule of Civil Procedure 51, "[i]f the party seeking review did not make a timely objection, we review for plain error." *Cooper Distribut. Co. v. Amana Refrigeration, Inc.*, 180 F.3d 542, 549 (3d Cir. 1999). We will reverse only if the trial court committed plain error that was "fundamental and highly prejudicial, such that the instructions failed to provide the jury with adequate guidance and our refusal to consider the issue would result in a miscarriage of justice." *Id.* (quoting *Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 136 (3d Cir. 1997). Here there was no error at all.

The record shows that the District Court gave the instructions agreed upon by the parties at the charge conference and Bacon raised no exceptions to the jury instructions as given. Bacon's appeal concerns the District Court's response to a question from the jury raised during its deliberations. The question read into the record was:

> Does the presence of the 1983 form itself mean that all of the attached documents are "protected," as part of the lawsuit, such that the content is not able to be considered or acted on as independent content? If the content was more inflammatory, does it matter, or can't it be considered?

(J.A. 10.) After a brief discussion with counsel, the District Court stated the response he intended to give the jury was "no" to the first question, and on the second question,

8

having told them that the 1983 form itself doesn't provide protection, it's up to them to consider what the documents are. That's the reason we're having a trial. It's a question of fact and they have to determine what the documents are and whether or not they're protected as instructed in the jury instructions.

(J.A. 11-12.) To this, Bacon's attorney stated: "That sounds accurate, your Honor."

(J.A. 12.) Counsel for the Appellees stated: "That is acceptable to the defendants, your Honor." *Id.* With counsel having agreed to the court's response, the jury was so instructed. Again, there was no objection.

Bacon's claim, as described to the jury in his opening statement and closing arguments, was that he was disciplined in retaliation for attempting to file a lawsuit against correctional officers. Appellees contended that the documents given to McComb were a violation of the inmate code of conduct designed to intimidate correctional staff. Both parties agree that the nature of the document was a factual question for the jury to decide.

The information and allegations necessary to state a cause of action were on the Section 1983 form that Bacon completed. The District Judge was correct when he told the jury that the protection afforded that form did not extend to Bacon's unnecessary attachment. That instruction properly left to the jury the task of deciding the nature and significance of that attachment. There was no error.

V.

For all the foregoing reasons, we find no cause to remand for a new trial and will affirm the judgment of the District Court.